RECEIVED
2012 JAN 13 P 12: 40
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JILL STEIN, ALABAMA GREEN PARTY, MATTHEW HELLINGER, ROBERT COLLINS, CONSTITUTION PARTY OF ALABAMA, JOSHUA CASSITY, STEVEN KNEUSSLE, LIBERTARIAN PARTY OF ALABAMA, MARK BODENHAUSEN, and VICKI KIRKLAND, <br><br> Plaintiffs, <br><br> v. <br><br> BETH CHAPMAN, Alabama Secretary of State, <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> 2:12-CV-42-WKW-CSC <br><br> Case Number: <br> Claim of Unconstitutionality |

## COMPLAINT

Plaintiffs, Jill Stein, Alabama Green Party, Matthew Hellinger, Robert Collins, Constitutional Party of Alabama, Joshua Cassity, Steven Kneussle, Libertarian Party of Alabama, Mark Bodenhausen, and Vicki Kirkland (collectively, "Plaintiffs"), by their undersigned attorney, bring this civil action for declaratory and injunctive relief against defendant Beth Chapman, Secretary of State of the State of Alabama ("Chapman" or the "Secretary of State"), and allege as follows:

### INTRODUCTION

1.  The Plaintiffs bring this action under 42 U.S.C. § 1983 to assert their rights, privileges, and immunities secured by the First and Fourteenth Amendments to the United States Constitution. The Plaintiffs seek judgment declaring Ala. Code §§ 17-6-22 and 17-13-40, as applied to the Plaintiffs for the 2012 Alabama Primary and General Elections in regard to presidential candidates, and all subsequent presidential Primary and General Elections in the

1

State of Alabama, unconstitutional because those statutory provisions violate the First and Fourteenth Amendments to the United States Constitution. The Plaintiffs also seek an injunction, both preliminary and permanent, against Defendant Secretary of State, and her agents and employees, prohibiting them from following and enforcing the provisions of Ala. Code §§ 17-6-22 and 17-13-40 for the 2012 Alabama Primary and General Elections, and all subsequent presidential Primary and General Elections in the State of Alabama, as it relates to the formation of new political parties and the placing of presidential candidates of those parties on the General Election ballot.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' claims in this action pursuant to 28 U.S.C. §§ 1343(3), 1343(4), 2201 and 2202, and 42 U.S.C. § 1983.

3. Venue in this Court is proper for Plaintiffs' claims in this action pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Jill Stein is a citizen of the United States, a registered voter in the State of Massachusetts, a candidate for the nomination of the Green Party for the presidency of the United States of America, and desires to support and vote for the recognized Green Party candidate for president.

5. Plaintiff Alabama Green Party is a non-recognized political party under the laws of the State of Alabama.

6. Plaintiff Matthew Hellinger is a citizen of the United States, a registered voter in the State of Alabama, Chairman of the Alabama Green Party, and desires to support and vote for recognized Green Party candidates on the Alabama ballot.

7. Plaintiff Robert Collins is a citizen of the United States, a registered voter in the State of Alabama, and desires to support and vote for recognized Green Party candidates on the Alabama ballot.

8. Plaintiff Constitution Party of Alabama is a non-recognized political party under the laws of the State of Alabama.

9. Plaintiff Joshua Cassity is a citizen of the United States, a registered voter in the State of Alabama, Chairman of the Constitution Party of Alabama, and desires to support and vote for recognized Constitution Party candidates on the Alabama ballot.

10. Plaintiff Steven Kneussle is a citizen of the United States, a registered voter in the State of Alabama, and desires to support and vote for recognized Constitution Party candidates on the Alabama ballot.

11. Plaintiff Libertarian Party of Alabama is a non-recognized political party under the laws of the State of Alabama.

12. Plaintiff Mark Bodenhausen is a citizen of the United States, a registered voter in the State of Alabama, Chairman of the Libertarian Party of Alabama, and desires to support and vote for recognized Libertarian Party candidates on the Alabama ballot.

13. Plaintiff Vicki Kirkland is a citizen of the United States, a registered voter in the State of Florida, and desires to support and vote for the recognized Libertarian Party candidate for president.

14. Defendant Beth Chapman is being sued in her official capacity as Secretary of State for the State of Alabama and Chief Elections Official for Alabama under Ala. Code § 17-1-3(a).

## **STATEMENT OF THE CLAIM**

15. Alabama's requirements for ballot access for new political parties unconstitutionally impinge on the associational rights of voters and freeze the status quo in favor of the two dominant political parties in the state.

16. Alabama Code § 17-13-40 states, in relevant portion, the following:

> "Political party" defined.
> An assemblage or organization of electors ... which, at the general election for state officers then next preceding the primary, casts more than 20 percent of the entire vote cast in the state is hereby declared to be a political party within the meaning of this chapter for such state.

17. Alabama Code § 17-6-22 provides, in pertinent part, the following:

> Political parties not included on ballot unless requirements met.
> (a) No political party, except those qualified as a political party under Chapter 13, shall be included on any general election ballot unless:
> (1) The party shall have filed with the Secretary of State or other appropriate official on the date of the first primary election a list of the signatures of at least three percent of the qualified electors who cast ballots for the office of Governor in the last general election for the state, county, city, district, or other political subdivision in which the political party seeks to qualify candidates for office....

18. Taken in conjunction, Ala. Code §§ 17-6-22 and 17-13-40 require that a political party either earn 20 percent of the vote at a statewide gubernatorial election or collect a number of signatures equal to three percent of the number of voters in the previous statewide General Election. If an unrecognized political party wishes to gain General Election ballot access, it must present its signatures to the Secretary of State by the date of the first Primary Election. For the current election cycle, that date is March 13, 2012, eight months before the General Election.

19. Upon information and belief, it has been more than a decade since an unrecognized political party has been able to gather the signatures required to appear on the General Election ballot.

20. Alabama law allows independent presidential candidates to file for the General Election with as few as 5,000 petition signatures by September of the year in which a November General Election is held in order to appear on the General Election ballot. Ala. Code § 17-14-31. However, unlike recognized political parties, under Ala. Code § 17-14-32, independent candidates do not appear with political party labels or logos.

21. Alabama's ballot access laws require non-recognized political parties to secure a ballot position eight months before the General Election for president in November. Additionally, the state's ballot access laws require unrecognized political parties to secure a ballot position months before any political parties nominate candidates for the presidency at their conventions in the late summer or early fall of the year in which a November General Election is held.

22. To secure such a spot in the 2012 General Election, Plaintiffs Alabama Green Party, the Constitution Party of Alabama and the Libertarian Party of Alabama ("Plaintiff political parties") and their supporters would need to gather valid signatures from 44,560 registered voters, which represents three percent of the 1,485,324 votes cast for governor in the 2010 General Election.

23. As such, Alabama's ballot access laws discriminate against the presidential candidates of unrecognized political parties, including the Plaintiff political parties, by essentially barring them from appearing on the 2012 General Election ballot under their party label and logo.

24. This discriminatory action, under the color of state law, also violates the Plaintiff political parties and Alabama voters associational rights guaranteed by the First Amendment to the United States Constitution.

25. Because it involves a national election for president, Alabama ballot access laws also impinge on the rights of citizens and voters outside Alabama, including Plaintiffs Jill Stein and Vicki Kirkland.

26. The State of Alabama lacks any compelling state interest in its discriminatory early petition deadline in the context of presidential elections, as applied to non-recognized political parties seeking recognition, their candidates, and their supporters.

27. The unnecessarily early and discriminatory petition filing deadline, combined with the unduly burdensome, arbitrary, and discriminatory signature requirements for unrecognized political parties seeking recognition under the laws of the State of Alabama, not only discriminates against unrecognized political parties seeking ballot access in Alabama, but serves no compelling state interest which justifies the aforesaid discriminatory treatment. On information and belief, Plaintiffs assert that absent intervention by this Court, the Plaintiff political parties herein and their supporters will not be able to obtain ballot access for their presidential candidates in the State of Alabama in 2012 or subsequent elections.

28. The Defendant and her employees have and will exercise their authority under color of state law in enforcing the aforesaid State laws set forth above, as applied to the Plaintiffs for the 2012 Alabama Primary and General Elections, and all subsequent Alabama Primary and General Elections, in such a manner as to be in violation of the First and Fourteenth Amendments to the United States Constitution.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following:

A. Judgment declaring Ala. Code §§ 17-6-22 and 17-13-40, as applied to the Plaintiffs for the 2012 Alabama Primary and General Elections in regard to presidential

candidates, and all subsequent presidential Primary and General Elections in the State of Alabama, unconstitutional because those statutory provisions violate the First and Fourteenth Amendments to the United States Constitution;

      B.    Injunctive relief, both preliminary and permanent, against the Defendant Beth Chapman, Alabama Secretary of State, and her agents and employees, prohibiting them from following and enforcing the provisions of Ala. Code §§ 17-6-22 and 17-13-40 for the 2012 Alabama Primary and General Elections, and all subsequent Primary and General Elections in the State of Alabama, in regard to presidential candidates, so as to serve to prevent the formation of unrecognized political parties in the State of Alabama and the placing of the presidential candidates of those parties on the General Election ballot;

      C.    Award Plaintiffs the reasonable costs and expenses of this action, including attorneys' fees pursuant to the Civil Rights Attorney's Fees and Awards Act of 1976, 42 U.S.C. § 1988; and

      D.    Granting Plaintiffs such other and further relief as to which they may be entitled and which the Court may deem equitable and just.

Dated this _5_ day of _January_, 2012.

                JILL STEIN, ALABAMA GREEN PARTY,
                MATTHEW HELLINGER, ROBERT COLLINS,
                CONSTITUTION PARTY OF ALABAMA,
                JOSHUA CASSITY, STEVEN KNEUSSLE,
                LIBERTARIAN PARTY OF ALABAMA, MARK
                BODENHAUSEN, and VICKI KIRKLAND

                By: DAN JOHNSON, Illinois ARDC No. 6280299
                Counsel for Plaintiffs

Korey, Cotter, Heather, & Richardson, LLC
20 South Clark Street, Suite 500
Chicago, Illinois 60603
dan@kchrlaw.com
(312) 867-5377
(312) 794-7064 Facsimile